UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2447** |
| **WARDEN DARRYL VANNOY** | **SECTION: "B"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that, *unless petitioner amends his federal application to omit any and all unexhausted claims*, the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Lloyd Richard, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On April 21, 2010, he was convicted of attempted second degree murder and aggravated burglary under Louisiana law.[1] On September 20, 2010, he was sentenced to a term of fifty years imprisonment on the attempted second degree murder conviction and to a term of thirty years imprisonment on the aggravated burglary conviction. It was ordered

---

[1] State Rec., Vol. 2 of 5, transcript of April 21, 2010, p. 150; State Rec., Vol. 1 of 5, minute entry dated April 21, 2010.

that the sentences be served consecutively and without benefit of parole, probation, or suspension of sentence.[2] On April 24, 2013, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions, affirmed his sentence on the attempted second degree murder conviction, amended his sentence on the aggravated burglary conviction to delete the restriction on benefits, and affirmed that sentence as amended.[3] The Louisiana Supreme Court then denied his related writ application on December 2, 2013.[4]

On October 30, 2014, petitioner filed a federal application for habeas corpus relief. With respect to that prior application, United States District Judge Ivan L.R. Lemelle observed:

> Petitioner asserts seven main arguments for relief:
>
> (1)  ineffective assistance of appellate counsel;
> (2)  the bill of information was deficient for failure to specify factual basis for which petitioner was charged;
> (3)  suppression of evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963);
> (4)  double jeopardy;
> (5)  excessive sentence;
> (6)  fraudulent suppression of evidence; and
> (7)  fraudulent denial of writ of certiorari by the Louisiana Supreme Court.
>
> At various points in his memorandum petitioner also seems to claim he was deprived of his right to an impartial jury, subject to illegal search and seizure, and a victim of numerous instances of fraud on the part of the state courts.[5]

Judge Lemelle then concluded:

> Petitioner's double jeopardy claim appears to be exhausted. Petitioner, while represented by counsel, presented the double jeopardy claim to both the state appellate court and the Supreme Court of Louisiana. The double jeopardy claim as

---

[2] State Rec., Vol. 3 of 5, transcript of September 20, 2010, p. 4; State Rec., Vol. 1 of 5, minute entry dated September 20, 2010; State Rec., Vol. 1 of 5, Reasons for Sentence.
[3] State v. Richard, 115 So.3d 86 (La. App. 5th Cir. 2013); State Rec., Vol. 3 of 5.
[4] State v. Richard, 126 So.3d 497 (La. 2013).
[5] Richard v. Cain, Civ. Action No. 14-2513, 2016 WL 1445181, at *2 (E.D. La. Apr. 13, 2016) (citation omitted).

> presented here is substantially equivalent to the claim presented in the state courts. See Whitehead [v. Johnson, 157 F.3d 384,] 387 [(5th Cir. 1998)].
>
> All of petitioner's remaining claims are raised for the first time in his federal habeas petition. These claims have never been "fairly presented" in each appropriate state court, with most never being presented to the state's Supreme Court, meaning the federal habeas petition as a whole is a mixed petition and should be dismissed without prejudice. See Rose [v. Lundy, 455 U.S. 509,] 510 [(1982)] ("Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").[6]

Accordingly, Judge Lemelle dismissed the federal application without prejudice as a mixed petition.[7] Petitioner filed an appeal of that judgment, and the matter currently remains pending before the United States Fifth Circuit Court of Appeals.

In the interim, petitioner returned to the state district court to file a post-conviction application on December 2, 2015.[8] That application was denied on March 2, 2016.[9] In the instant federal application, petitioner indicated that he intended to seek review of that denial;[10] however, it is unclear from the state court record whether he actually did so.

On March 20, 2016, petitioner then filed the instant federal application.[11] The state has filed a response, arguing, *inter alia*, that petitioner has once again failed to comply with federal requirement that he fully exhaust his claims in the state courts.[12] The state is correct.

Regarding the exhaustion requirement, the United States Supreme Court has explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the

---

[6] Id. at 3-4.
[7] Id. at 4.
[8] State Rec., Vol. 3 of 5.
[9] State Rec., Vol. 3 of 5, Judgment dated March 2, 2016.
[10] Rec. Doc. 1, p. 4
[11] Rec. Doc. 1.
[12] Rec. Docs. 9 and 10.

> ""opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (*per curiam*) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim *in each appropriate state court (including a state supreme court with powers of discretionary review)*, thereby alerting that court to the federal nature of the claim. <u>Duncan</u>, *supra*, at 365-366, 115 S.Ct. 887; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (emphasis added).

Like his prior federal application, petitioner's instant application is oftentimes incomprehensible; nevertheless, the undersigned has attempted to decipher his claims. In the memorandum accompanying his form petition, he asserts five rambling and overlapping claims.[13] In the first two of those claims, he appears to argue that his rights were violated under the Double Jeopardy Clause. Although his precise reasoning is difficult to follow, the crux of these two claims appears to be that there were two separate but related crimes which, based on the law and the evidence presented, should have constituted a single offense. His remaining three claims, although referencing "double jeopardy," are in fact claims that there was insufficient evidence to support his two convictions. This construction is also consistent with his form petition which listed two claims: double jeopardy[14] and insufficient evidence.[15]

However, as the undersigned noted in the Report and Recommendation issued with respect to the prior federal application, petitioner has filed only one writ application with the Louisiana Supreme Court challenging his convictions and sentences. In that sole writ application, which was filed in Case No. 2013-K-1220, he asserted only two claims: (1) his rights under the Double

---

[13] Rec. Doc. 1-1.
[14] Rec. Doc. 1, p. 5.
[15] Rec. Doc. 1, p. 7

Jeopardy Clause were violated; and (2) the order that his sentences be served consecutively resulted in an excessive sentence. Therefore, once again, to the extent that he is now reasserting the Double Jeopardy claim in this federal proceeding, that claim appears to be exhausted.[16] However, because he has never given the Louisiana Supreme Court an opportunity to consider his claim(s) challenging the sufficiency of the evidence to support his convictions, those claim(s) are unexhausted.

Therefore, as he did in 2014, petitioner has filed with this Court a federal application containing both exhausted and unexhausted claims. As a result, the instant application, like petitioner's prior application, is a mixed petition subject to dismissal on that basis. Rose v. Lundy, 455 U.S. 509, 522 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions."); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

However, that said, the undersigned makes an additional observation and suggestion in an attempt to bring a fair and final end to petitioner's repeated efforts to gain federal review. The double jeopardy claim which petitioner asserted on direct review was based on an interplay of the law concerning double jeopardy and the evidence on which the two convictions at issue were in fact based in this case. Perhaps it is that reference to "evidence" which is causing confusion to

---

[16] Petitioner does not appear to be reasserting the excessive-sentence claim in this federal proceeding.

5

both petitioner and this Court.  **If** petitioner is now simply attempting to assert the **exact same double jeopardy claim** which he asserted on direct appeal, and **if** he is now merely arguing that the state courts unreasonably applied federal law in rejecting **that claim**, then **that claim** would be exhausted and ripe for federal review.  Therefore, **if** that is indeed petitioner's intention, the undersigned hereby advises him that he has a right to file an amended petition in this proceeding to assert only **that claim**.  However, given petitioner's inability to express himself clearly and concisely, the undersigned notes that it would be sufficient in this case for petitioner's amended petition simply to state that he is asserting the same double jeopardy claim which he asserted and exhausted on direct appeal – such a statement would adequately alert the Court to the nature of his claim without risking extraneous statements or allegations which could, once again, potentially cause exhaustion problems.

Further, **if** petitioner does indeed file a motion for leave to amend his federal petition in that manner after receiving this Report and Recommendation, it is recommended that the motion be granted and that this matter be recommitted to the undersigned United States Magistrate Judge for consideration of that single claim.  However, on the other hand, if petitioner fails amend his application in the foregoing manner, the undersigned instead recommends that the instant petition be dismissed without prejudice for the reasons stated herein.

## RECOMMENDATION

It is therefore **RECOMMENDED** that, *unless petitioner amends his federal application to omit any and all unexhausted claims*, the application be **DISMISSED WITHOUT PREJUDICE** as a mixed petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this twenty-ninth day of June, 2016.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.